IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| **DEBRA A. SIZEMORE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 9:21-CV-74 |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| **Defendant.** | § | |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Plaintiff, Debra A. Sizemore ("Sizemore"), requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to Sizemore's application for disability-based benefits. This action is before the undersigned magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law.[1] The undersigned finds that the administrative law judge's decision lacks reversible error and is supported by substantial evidence, and therefore recommends affirming the decision denying benefits.

**I.   JUDICIAL REVIEW**

United States district courts may review decisions of the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g) (2020). The scope of judicial review is limited, however, to determining whether (a) the Commissioner applied proper legal standards and (b) the decision is supported by substantial evidence. *See Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). When the Commissioner

---

[1] General Order 05-06 refers civil proceedings involving appeals from decisions of the Commissioner of Social Security Administration to magistrate judges serving the divisions where the cases are filed. *See also* 28 U.S.C. § 636(b)(1)(B) (2009) and E.D. TEX. CIV. R. CV-72 for the Assignment of Duties to United States Magistrate Judges.

1

applies proper law and his decision is supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also* 42 U.S.C. § 405(g).

Reviewing courts, therefore, give the Commissioner's decisions great deference. *Leggett,* 67 F.3d at 564. Courts may not re-weigh evidence, try issues *de novo*, or substitute their judgments for those of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A court cannot reverse the Commissioner simply because the court might have decided the case differently in the first instance. *Elfer v. Texas Workforce Comm'n*, 169 F. App'x 378, 380 (5th Cir. 2006); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (stating that the court may not "substitute [its] judgment for that of the Secretary"). Rather, it is for the Commissioner to weigh evidence and resolve conflicts. *See Anthony*, 954 F.2d at 295; *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990).

When the Commissioner fails to apply correct principles of law, or when "substantial evidence"[2] does not support the Commissioner's decision, the governing statute authorizes a reviewing court to enter, upon the pleadings and the transcript of the record, a judgment modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. *See* 42 U.S.C. 405(g). Thus, courts have power to remand for further administrative proceedings, or they may direct the Commissioner to award benefits without a rehearing. Ordinarily, courts remand for further administrative proceedings to address and cure deficiencies. *See, e.g., Newton v. Apfel*, 209 F.3d 448, 460 (5th Cir. 2000).

---

[2] "Substantial evidence" is a term of art meaning "more than a mere scintilla." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992). Evidence is "substantial" when it is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. *Biestek,* 139 S. Ct. at 1154*; Richardson v. Perales*, 402 U.S. 389, 401(1971); *Marcello v. Bowen*, 803 F.2d 851, 853 (5th Cir. 1986).

## II.  BACKGROUND

A.  Procedural History

Sizemore applied for disability insurance benefits on November 3, 2015, due to impairments that allegedly became disabling on May 14, 2014. (Tr. 434-451.) Following the denial of her claim, she requested a hearing before an administrative law judge which was held on February 23, 2017. (Tr. 377-84.) Subsequently, Sizemore underwent a consultative exam, and a second hearing was held on April 10, 2018. (Tr. 360-375, 382.) On May 30, 2018, Administrative Law Judge David Gutierrez ("ALJ Gutierrez") issued a decision denying Sizemore's disability claim, and she appealed that decision. (Tr. 57-71, 41-43.)

On January 30, 2020, Judge Ron Clark with the Eastern District of Texas remanded Sizemore's case for further administrative proceedings pursuant to Sizemore's *Lucia* challenge (*Lucia v. Sec. & Exch. Comm'n*, 138 S. Ct. 2044 (2018)) asserting that ALJ Gutierrez was not properly appointed under the Constitution's Appointments Clause. *Sizemore v. Saul*, No. 9:19-CV-97 (E.D. Tex. Jan. 30, 2020). Upon remand, ALJ Daniel Whitney ("ALJ Whitney") consolidated Sizemore's disability applications with a new supplemental security income claim that was filed on September 12, 2019, and held a new administrative hearing telephonically on December 9, 2020. (Tr. 172, 94-116.)

On December 17, 2020, ALJ Whitney issued a decision denying Sizemore's application. (Tr. 14-25.) Sizemore then filed a civil action for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) (2019).

B.  Factual History

Sizemore was 57 years old at the alleged onset date of disability, with a high school education and past work experience as a management trainee, shipping and receiving clerk, truck

driver, receptionist, and home attendant. (Tr. 24.) Sizemore's application was denied at the initial and reconsideration levels.

   C.  Administrative Decision and Appeal

ALJ Whitney utilized the five-step sequential analysis model specified by regulations and approved by courts in reaching his decision denying Sizemore's application.[3] At step one, ALJ Whitney found that Sizemore has not engaged in substantial gainful activity since May 14, 2014, the alleged onset date. (Tr. 17.) At step two, he found that Sizemore has the following severe impairments: obesity, asthma, degenerative joint disease of the right knee, degenerative disc disease of the lumbar spine, disorders of the shoulder, and depression. (Tr. 17.) At step three, ALJ Whitney found that none of these impairments met or medically qualify under the criteria of any listed impairment in the regulations at 20 C.F.R. pt. 404, subpt. P, app 1 (Listed Impairments) for presumptive disability. (Tr. 17-19.) ALJ Whitney determined that Sizemore retained the residual functional capacity (RFC) to perform a limited range of light work, but can only: sit for six hours in an eight hour workday; stand/walk for six hours in an eight hour workday; lift/carry twenty pounds occasionally and ten pounds frequently; occasionally climb but no ladders, ropes or scaffolds; occasionally stoop, kneel, crouch, and crawl; frequently reach,

---

[3] Pursuant to 20 C.F.R. § 404.1520(a)-(f), the five steps are generally as follows:
 1. The Commissioner ascertains *whether an applicant currently engages in substantial gainful activity*. (If so, a finding of non-disability is entered, and the inquiry ends.)
 2. The Commissioner determines *whether an applicant has a severe impairment or combination of impairments*. (If not, the inquiry ends, and a finding of non-disability is entered.)
 3. The Commissioner determines *whether any severe impairment(s) equals or exceeds those in a Listing of Impairments, 20 C.F.R. Subpt. P, Appendix 1* ("the Listings"). (If so, disability is presumed, and benefits are awarded. If not, the analysis continues.)
 4. The Commissioner determines *whether any impairment(s) prevents the claimant from engaging in regular previous employment*. (If so, a *prima facie* case of disability is established and the burden of going forward (to the fifth step) shifts to the Commissioner. *See Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987)).
 5. The Commissioner determines *whether other work exists in the national economy which the applicant can perform*. (If so, the burden shifts back to the applicant to show he cannot perform the alternative labor. *See id.*; *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986).

handle and finger; must avoid extreme temperatures, wetness, humidity, odors, and pulmonary irritants; and is limited to detailed, non-production rate pace jobs. (Tr. 19-23.)

Ultimately, ALJ Whitney found Sizemore was not disabled and was able to perform past relevant work at step four.  (Tr. 24-25.)  In the alternative, at step five, ALJ Whitney, relying on vocational expert testimony, found that Sizemore was not disabled because she was able to perform other work that existed in significant numbers in the national economy, such as appointment clerk and information clerk.  (Tr. 24-25.)

### III.   POINTS OF ERROR

Sizemore argues that ALJ Whitney erred at step four finding that she was not disabled because she could perform her past relevant work as a receptionist.  (Doc. #17, p. 4-10.)  She states that ALJ Whitney's decision lacks findings as to whether this past relevant work was performed in the past fifteen years at a substantial gainful level for long enough for her to learn how to do it.  (*Id.*)  Further, she alleges that step five is also not supported by substantial evidence because the transferability of her skills depends upon her past relevant work as a receptionist.[4]  (*Id.*)

The Defendant responds that Sizemore's earnings records, work history reports, testimony, and the testimony of the vocational expert provide substantial evidence that Sizemore worked as a receptionist within the relevant time period at a substantial gainful level thereby qualifying that job as "past relevant work."  (Doc. #24, p. 5.)  Also, the Defendant states that ALJ Whitney's alternative step five findings make any error at step four moot.  (Doc. #24, p. 6.)

---

[4] Sizemore also asserted a separation of powers error pursuant to *Selia Law L.L.C. v. CFPB*, 140 S.Ct. 2183 (June 20, 2020) in her initial Brief to the court.  (Doc. #17, p. 11-13.)  However, in her Reply, Sizemore asserts that she is no longer pursuing this argument on appeal.  (Doc. #28, p. 3 n.1.)  Therefore, the undersigned will only address the remaining issues before the court.

## IV.   DISCUSSION AND ANALYSIS

    A.    <u>Past Relevant Work at Step Four</u>

At step four, the ALJ assesses the claimant's RFC—"the most the claimant can still do despite his physical and mental limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1) (2012). At this step, if the claimant's medical status alone does not constitute a disability, the impairment must prevent the claimant from returning to his "past relevant work." 20 C.F.R. § 404.1520(e) (2012).

"Past relevant work" is defined as work that (1) was performed within the last fifteen years, (2) lasted long enough for the claimant to learn to do it, and (3) was substantial gainful activity. 20 C.F.R. §§ 416.960(b)(1) (2012), 416.965(a) (2012); *see also Copeland v. Colvin*, 771 F.3d 920, 924 (5th Cir. 2014). Substantial gainful activity is defined as work activity that is both substantial and gainful. 20 C.F.R. §§ 404.1572 (2017), 404.1510 (2017). "Substantial" means doing significant physical or mental activities even if it is done on a part-time basis. *Id.* It also includes work performed on a smaller scale, with less pay, or with less responsibilities than what the claimant may have previously done. *Id.* "Gainful" work activity is usually done for pay or profit, whether or not a profit is realized. *Id.*

"Generally, if [the claimant] worked for substantial earnings, [the ALJ] will find that [the claimant is] able to do substantial gainful activity." 20 C.F.R. §§ 404.1574(a)(1) (2016), 416.974(a)(1) (2016). Accordingly, if a claimant's monthly earnings exceed the amounts set forth in section 404.1574(b)(2) and section 416.974(b)(2), the claimant has engaged in substantial gainful activity. *Id.*; *see also* Substantial Gainful Activity Monthly Amount Table, *available at* https://www.ssa.gov/oact/cola/sga.html (last visited May 19, 2022) (lists threshold monthly substantial gainful activity amounts from 1975 through 2022 based upon the national

average wage index). If a claimant's monthly earnings fall below these amounts, the claimant has not engaged in substantial gainful activity and the ALJ "will generally not consider other information in addition to [their] earnings." *Id*. The ALJ will, however, consider information beyond earnings "if there is evidence indicating that [the claimant] may be engaging in substantial gainful activity or that [the claimant is] in a position to control when earnings are paid to [the claimant] or the amount of wages paid to [the claimant]." *Id.* Based on the above regulations, the Fifth Circuit found that "a rebuttable presumption against substantial gainful activity arises where a disabled claimant's earnings are below the threshold" for substantial gainful activity set forth in section 404.1574(b)(2) and section 416.974(b)(2). *Copeland*, 771 F.3d at 925.

According to Sizemore, her past work as a receptionist was not within the last 15 years and her average monthly earnings did not meet the substantial gainful activity threshold, and as such, the ALJ erred in finding her past work constituted relevant work. (Doc. #17.)

Sizemore's earnings records show that she worked for the Academy of Gymnastics and Dance as a receptionist during 2005 and 2006. (Tr. 457.) Sizemore argues that past relevant work must be performed within 15 years from the date the ALJ rendered his decision, which was on December 17, 2020. She states that it is unclear whether her earnings in 2006 were for work performed in December 2005 or earlier. Thus, she claims that her receptionist work cannot be past relevant work.

The Eastern District of Texas previously considered this issue. In *Gossett v. Barnhart*, the court looked to Social Security Ruling 82-62, which guides administrative adjudicators when determining whether claimants can perform their past relevant work. *Gossett v. Barnhart*, 374 F. Supp. 2d 505, 510 (E.D. Tex. 2005). The court held that this ruling and the Commissioner's

Program Operations Manual System (POMS) both find that "past relevant work is work performed while insured." *Id.* SSR 82-62 describes how the relevant 15-year period will be determined:

> 1. When deciding whether a claimant is disabled under title II or title XVI, the 15-year period is generally the 15 years prior to the time of adjudication at the initial, reconsideration, or higher appellate level.
>
> 2. In those title II cases in which the claimant's disability insured status was last met prior to adjudication, the work performed for the 15-year period preceding the date the title II disability insured status requirement was last met would generally be considered relevant, since the claimant's capacity for SGA as of that date represents a critical disability issue.

SSR 82-62, 1982 WL 31386, at *2 (1982). Further, POMS unambiguously states that the relevant work period for Title II (DIB) claims where the date last insured is in the past is: "within the 15 years before DLI [date last insured]." POMS § DI 25001.001 A.64, *available at* http://policy.ssa.gov/poms.nsf/lnx (last visited April 4, 2022). Consequently, the Commissioner's official policy and interpretation is that past relevant work means work performed while insured. *See Gossett*, 374 F. Supp. 2d at 512.

For Sizemore, this means that her past relevant work would include substantial gainful activity that she performed within 15 years before her date last insured, which was June 30, 2017. (Tr. 16.) Therefore, the ALJ could look all the way back to June 30, 2002, for past relevant work. Thus, her receptionist job with the dance academy is within the relevant time frame.[5]

Now, the undersigned must consider whether this work constituted substantial gainful activity. During the relevant time period for Sizemore's receptionist job (2005-2006), the

---

[5] Even if the court were to consider the 15-year timeframe from her latest date of adjudication—December 2020, this would still include her past relevant work performed in December 2005 through 2006 and continuing through 2020, during which time she was still working as a receptionist as indicated in her earnings history and the work history report she completed stating she worked as a receptionist in 2006. (Tr. 457, 519.)

threshold average monthly earnings set by the regulations were $830 per month in 2005 and $860 per month in 2006.  Substantial Gainful Activity Monthly Amount Table, *available at* https://www.ssa.gov/oact/cola/sga.html (last visited April 4, 2022).  Sizemore's earnings records show that she earned a total of $4,432.90 in 2005 and a total in $4,245.00 in 2006 from the Academy of Gymnastics and Dance working as a receptionist.  (Tr. 457.)  On her work history report, Sizemore states that she performed this job in 2006 and worked for $10 an hour for 8 hours a day.  (Tr. 519.)  In the column for "days per week," she wrote "35."  (*Id.*)  Obviously, this is an error, and one must assume that she meant that she worked 35 hours a week.[6]  Working 35 hours a week for $10 per hour totals $350 per week or roughly $1,400 per month.  Dividing her total earnings of $4,432.90 for 2005 by $1,400 per month indicates that she worked approximately 3 months.  Dividing her total earnings of $4,245.00 in 2006 by $1,400 per month indicates that she also worked approximately 3 months in 2006.  Therefore, she worked a total of approximately six months as a receptionist from 2005-2006.  The Dictionary of Occupational Titles section 237.367-038 states that it takes approximately 3-6 months to learn the job of receptionist.  *See* Dep't of Labor, DICTIONARY OF OCCUPATIONAL TITLES § 237.367–038, 1991 WL 672192 (4th Ed. 1991).

      Sizemore's monthly earnings of approximately $1,400 is over the threshold average monthly earnings set by the regulations.  Sizemore offers no evidence or argument disputing these earnings contained within the record.  *See Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) ("The claimant bears the burden of showing that [she] is disabled through the first four steps of the analysis.").  In addition, ALJ Whitney made a finding in his decision, relying on the vocational expert's testimony, that Sizemore's work as a receptionist was past relevant work and that she could perform the requirements of that work as personally and/or generally performed.

---

[6] Sizemore consistently wrote a number over 30 in this column for each job listed.  (Tr. 516-521.)

(Tr. 24.) Specifically, at the administrative hearing, Vocational Expert Kay Gilreath testified that based upon the given RFC, Sizemore could perform her past work as a receptionist and that she had transferable skills from this job. (Tr. 114.) Therefore, there is substantial evidence in the record to support the ALJ's findings regarding this past relevant work. *See Goodwin v. Berryhill*, No. 4:17-CV-0202, 2018 WL 1225143, at *5 (S.D. Tex. Mar. 7, 2018) (affirming the ALJ's step four determination which was supported by his RFC determination, the DOT, and the testimony of a VE). Consequently, there is no error on this point.

    B.    <u>Alternative Work at Step Five</u>

Because Sizemore was found not disabled at step four, it was unnecessary for ALJ Whitney to proceed to step five of the evaluation process. In an effort to be overly thorough, however, he made a step five finding in the alternative.

For a disability finding at step five, the impairment must prevent the claimant from doing any other substantial work, considering the claimant's RFC, age, education, and past work experience. 20 C.F.R. § 404.1520(f); *Crowley v. Apfel*, 197 F.3d 194, 197–98 (5th Cir. 1999). Work skills acquired from past relevant work may be considered in assessing the claimant's ability to perform substantial alternative work in the national economy. *See* 20 C.F.R. 404.1568, 416.968. "If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000) (quoting Crowley, 197 F.3d at 198).

In making step five findings, ALJs routinely rely on vocational experts. The Fifth Circuit has noted that "[t]he value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." *Fields v. Brown*, 805 F.2d 1168, 1170 (5th Cir.1986). "A vocational expert is

able to compare all the unique requirements of a specified job with the particular ailments a claimant suffers in order to reach a reasoned conclusion whether the claimant can perform the specific job." *Id*. Another source relied upon by the ALJ and the VE is the Dictionary of Occupational Titles ("DOT") and its supplement, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). These publications comprise a comprehensive listing of job titles in the United States, along with detailed descriptions of requirements for each job, including assessments of exertion levels and reasoning abilities necessary for satisfactory performance of those jobs. The Commissioner recognizes the DOT/SCO publications as authoritative, and routinely relies on them "for information about the requirements of work in the national economy." SSR 00-4p, 2000 WL 1898704, at *2 (2000). As such, administrative law judges may rely on either source of information when determining whether claimants can make adjustments to alternative available work. *See* 20 C.F.R. § 416.966(d), (e) (2010).

A finding based on vocational expert testimony generally must be upheld by the court unless it is determined by erroneous predicate findings occurring earlier in the sequential analysis. *Elam v. Barnhart*, 386 F. Supp. 2d 746, 754 (E.D. Tex. 2005); *see also* 20 C.F.R. §§ 404.1566(d)-(e), 416.966(d)-(e). Such testimony constitutes substantial evidence when the hypothetical question asked of the vocational expert incorporates all disabilities that the ALJ has found, the disabilities recognized by the ALJ are reasonable under the evidence, and the ALJ's ultimate determination is consistent with the expert vocational testimony. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

ALJ Whitney, relying on VE Gilreath's testimony at the hearing, found that Sizemore had acquired work skills from her past relevant work as a receptionist, including message taking,

information giving, and customer service.  (Tr. 24, 114-115.)  Based upon these transferrable skills, VE Gilreath testified that Sizemore could perform the alternative jobs of appointment clerk and information clerk with little to no vocational adjustment required.  (*Id.*)  Furthermore, ALJ Whitney found that VE Gilreath's testimony was consistent with the information contained in the Dictionary of Occupational Titles.  (Tr. 25.)  Sizemore's counsel at the administrative hearing had the opportunity to cross-examine VE Gilreath on these issues but chose not to do so.  (Tr. 114-115.)  Consequently, the undersigned finds no error at step five.

## V. RECOMMENDATION

ALJ Whitney's application of the sequential analysis is free from legal error and supported by substantial evidence for the reasons discussed in the preceding sections. Consequently, the administrative decision should be affirmed.

## VI. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation.  Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report.  *See* 28 U.S.C. § 636(b)(1)(c) (2009); FED. R. CIV. P. 72(b)(2).  A party who objects to this report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made.  *See* 28 U.S.C. § 636(b)(1) (2009); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States district

judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 25th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE